**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2061
_____

CHUKWUEMEKA EZEKWO; IFEOMA EZEKWO,

Appellants

v.

CHRISTOPHER QUIRK; MICHAEL CHRISTIANSEN;
THORNTON WHITE; CITY OF ENGLEWOOD, NEW JERSEY
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-15-cv-03167)
District Judge: Honorable Susan D. Wigenton
_____

Argued: March 7, 2019
_____

Before: AMBRO, RESTREPO and GREENBERG, *Circuit Judges*.

(Filed: September 9, 2019)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Joshua Moskovitz [ARGUED]
Lance A. Clarke
Bernstein Clarke & Moskovitz
11 Park Place
Suite 914
New York, NY 10007
        *Counsel for Appellants*

Brenda A. Coppola Cuba
Law Offices of Brenda Coppola Cuba
1164 Springfield Avenue
Mountainside, NJ 07092
        *Counsel for Appellee Michael Christiansen*

Thomas B. Hanrahan
David J. Pack
Suite 2
80 Grand Avenue
River Edge, NJ 07661
        *Counsel for Appellee Thornton White*

Alan J. Baratz [ARGUED]
Donald A. Klein
Weiner Law Group
629 Parsippany Road
P.O. Box 438
Parsippany, NJ 07054
        *Counsel for Appellee City of Englewood*

Ian C. Doris
Keenan & Doris
71 Union Avenue
Suite 105
Rutherford, NJ 07070
        *Counsel for Appellee Christopher Quirk*

RESTREPO, *Circuit Judge*.

        This case comes before us with an unusual posture. After sustaining injuries from an altercation with local law enforcement in Englewood, New Jersey, the plaintiffs in the

2

underlying matter appeared to enter into a settlement with the City. They later refused to follow the terms of the settlement, alleging that their counsel did not adequately convey the terms and therefore there had not been a meeting of the minds. Because of the unusual circumstances of this case, we will remand for the limited purpose of allowing the plaintiffs an opportunity to be heard before the District Court.

## I.

We presume the parties' familiarity with this case and set out only the facts needed for the discussion below. Appellants Chukwuemeka Ezekwo and Ifeoma Ezekwo were involved in a physical altercation with three City of Englewood police officers at Englewood Hospital in New Jersey, where they suffered serious injuries. Based on that altercation, the Ezekwos filed a complaint against the police officers and the City of Englewood alleging civil rights violations under 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments.

The parties concluded settlement negotiations on March 30, 2017, when counsel for all parties jointly telephoned the District Court to report that they had reached a settlement. As part of that settlement agreement (the Agreement), the Ezekwos would receive a payment of $1,000,000 for agreeing to release all defendants from liability for the claims asserted in the complaint and for signing release forms to that effect. The Court entered an Order Administratively Terminating Action the next day.

The Ezekwos did not sign the releases, and the City filed a Motion to Enforce Settlement. The Ezekwos filed a *pro se* opposition to the motion, in which they stated they had never seen the actual Agreement and would not agree to the terms as set out in the

3

releases. Further, they refused to enter into any settlement that did not include as a term the City's agreement to prosecute the police officers named in their complaint.

The Magistrate Judge, after receiving extensive motion practice on a range of issues and confirming with the Ezekwos that they desired to proceed *pro se*, scheduled an evidentiary hearing on November 6, 2017. Her order instructed both parties to file with the court all witnesses and exhibits upon which they intended to rely. At the hearing, the Ezekwos' former counsel testified on behalf of the City, and it moved into evidence two emails—one each from counsel on each side—confirming the settlement amount and the Ezekwos' approval. The Ezekwos, however, declined to testify. Instead, they requested the opportunity to return to testify once they obtained counsel. They also requested permission to submit documents after the hearing. Both requests were denied, and the evidentiary hearing was closed.

The Magistrate Judge filed a Report and Recommendation ("R&R") concluding that, absent contrary evidence from the Ezekwos, the City's Motion to Enforce Settlement should be granted. After the District Court adopted the R&R, the Ezekwos filed counseled objections in accordance with Rule 72 of the Federal Rules of Civil Procedure. They disputed, *inter alia*, the Magistrate Judge's finding that there had been a meeting of the minds on all essential terms of the Agreement.[1] They also requested an evidentiary hearing before the District Court. It declined to hold do so. Instead, in a well-reasoned order, the

---

[1] In their Rule 72 objections, the Ezekwos asserted that the Agreement excluded multiple non-monetary terms they had told counsel were essential to settlement, including a cease-and-desist provision, the retraction of a certain City press statement they believed to be false, and the prosecution of the police officers involved in the altercation.

4

Court addressed the Ezekwos' objections and ultimately decided to maintain its adoption of the Magistrate Judge's R&R.

The Ezekwos now appeal that decision on substantive and procedural grounds. They believe the District Court erred by determining that there existed an enforceable settlement and abused its discretion by not conducting an evidentiary hearing before ruling on their Rule 72 objections.

**II.**

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291.

**III.**

We first discuss the issue of the evidentiary hearing, as its disposition bears on the other issue on appeal. Where a party files Rule 72 objections to an R&R, a district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The court is not required to conduct a de novo evidentiary hearing as part of that determination. *United States v. Raddatz*, 447 U.S. 667, 674 (1980) (exploring the legislative intent behind Section 636 and concluding that de novo hearings are not required). Rather, it may use its "sound judicial discretion" in making its determinations. *Id*. at 676, *see also* D.N.J. Local Civ. R. 72.1(c)(2) (A district judge "may consider the record developed before the Magistrate Judge, making his or her own determination on the basis of that record.") We review the Court's determinations in response to Rule 72 objections for abuse of discretion. *See Raddatz*, 447 U.S. at 674.

5

Our review is tempered by the fact that the Ezekwos were not represented by counsel when challenging the Agreement before the Magistrate Judge. As a general matter, our Court "tend[s] to be flexible when applying procedural rules to pro se litigants, especially when interpreting their pleadings." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013). We recognize that the Ezekwos' circumstances were by their own design, as they had multiple opportunities—even prompts—to obtain counsel and still did not do so. Regardless, our Court will not forego our traditional flexibility when reviewing the actions of pro se litigants.

We are of the opinion that the District Court admirably fulfilled its duties under Fed. R. Civ. P. 72. We take no issue with its response to the Ezekwos' Rule 72 objections. However, the latitude that our Court grants to pro se litigants, coupled with the possibility of the Ezekwos' testimony introducing a disputed issue of material fact, compel us to remand this case for the limited purpose of (1) allowing the Ezekwos one final chance to submit their testimony on the record and (2) allowing the City to cross-examine them on that testimony.

We offer no opinion as to the existence of an enforceable settlement agreement. We leave that determination to the able District Court.

**IV.**

For the foregoing reasons, the judgment of the District Court will be vacated and the case will be remanded for the limited purpose of conducting an evidentiary hearing on whether the parties formed an enforceable settlement agreement.